UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2014 MAY 15 AM 11:40

JOSHUA CAUCHON,

    Plaintiff,

-VS-

WHETSTONE PARTNERS, LLC,
d/b/a ETITLELOAN,

    Defendant.

_____/

CASE NO.: 3:14-cv-569-J-39JRK

DIVISION:

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Duval County, Florida.

### FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida

5. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6. Plaintiff is an "alleged debtor."

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

1

8.  Defendant is a corporation which was formed in Delaware with its principal place of business at 2001 NW 107the Avenue, 3rd Floor, Miami, FL 33172 and conducting business in the state of Florida through its registered agent, NRAI Services, Inc.

9.  The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

10. Plaintiff is the regular user and carrier of the cellular telephone number at issue, 904-885-8565, and was the called party and recipient of Defendant's above described calls.

11. In or about November of 2013, Plaintiff received a telephone call to his aforementioned cellular telephone number, from Defendant seeking to recover a debt from an individual named "Beatrice," unknown to him. Plaintiff immediately informed Defendant that they had the wrong number, and that does not know the "Beatrice" individual for whom they were calling.

12. From approximately November 2013 through the filing of this Complaint, Defendant has called Plaintiff's aforementioned cellular telephone on a daily basis, despite being informed that they had the wrong number.

13. On numerous occasions, Plaintiff has answered Defendant's call, informing them that they have the wrong number, he was not "Beatrice," did not know "Beatrice", and to stop calling him.

14. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

15. To date, Defendant has placed approximately four-hundred (400) calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing at least thirty-five (35) calls from December 16, 2013 through April 3, 2014).

16. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

17. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

18. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

19. Each call Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

20. Each call Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

21. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

22. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant that they are the wrong party.

23. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

24. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

25. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

26. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

27. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

28. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

29. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

30. Plaintiff incorporates Paragraphs one through twenty nine.

31. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

32. Plaintiff incorporates Paragraphs one through twenty nine.

33. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

34. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

35. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

36. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

37. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Amanda J. Allen*
Amanda Allen, Esquire
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
JEstrada@ForThePeople.com
Attorney for Plaintiff